■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v. LARRY SMITH et al., Appellants.— Order unanimously reversed, with costs, and petition dismissed. Memorandum: On the argument of this appeal petitioner acknowledged the sufficiency of the notice of claim. The petition and supporting affidavits were not adequate to justify a stay of the arbitration sought by respondent under the uninsured motorist indorsement of the automobile insurance policy issued to him by petitioner. Seeking to stay arbitration, the insurer "had the burden of showing the existence of sufficient evidentiary facts to establish a genuine preliminary issue in order to justify a stay" (*Matter of Kuhn* [*MVAIC*], 31 A D 2d 707, 708; *Matter of O'Brien* [*Aetna Cas. & Sur. Co.*], 33 A D 2d 1085; *Matter of Beakbane* [*MVAIC*], 20 A D 2d 736). Its contention was that a factual issue existed as to whether the owner had left his vehicle, which was subsequently stolen, with the ignition unlocked, such that the owner would be liable for injuries sustained by respondent and the vehicle would not be uninsured. In determining whether the insurer had met its burden of establishing the existence of such an issue (*Matter of Highsmith* [*MVAIC*], 31 A D 2d 424), the petition, verified by the insurer's attorney who was without personal knowledge of the circumstances of the leaving of the automobile, must be disregarded (*Cohen* v. *Pannia,* 7 A D 2d 886). The statement therein that after the accident the ignition switch was not locked so that anyone could enter the vehicle and drive it, was hearsay and its source was not even identified. Insofar as it might be inferred that this was an observation

by the injured party, Smith, it is contradicted by Smith's affidavit that he made no examination of the vehicle after the accident. The only other supporting papers submitted by petitioner — affidavits by two accident investigators that each had been told by the owner or the owner's wife that the vehicle involved in the accident had been stolen on four previous occasions — are also insufficient to demonstrate a factual issue. The mere statements of prior thefts, without a showing that the thefts occurred as a result of the ignition switch having been left unlocked and in circumstances such that an inference might be drawn that a similar situation contributed to the theft which preceded respondent's injuries, are not sufficient to justify the stay of arbitration under the policy. (Appeal from order of Erie Special Term granting stay of arbitration.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.